UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN D. LIDDELL, # 124363, a/k/a JOHN                                    PETITIONER
LIDELL, a/k/a JOHN D. LIDEL

V.                                                CIVIL ACTION NO. 3:23-CV-190-DPJ-MTP

JOHN DOE                                                                 RESPONDENT

ORDER OF DISMISSAL

This pro se prisoner case is before the Court sua sponte for consideration of dismissal.

Petitioner John D. Liddell is incarcerated with the Mississippi Department of Corrections and

brings this Petition for Writ of Mandamus [1], challenging his state-court conviction.  The Court

has considered and liberally construed the pleadings.  As set forth below, this case is dismissed.

I.      Background

Petitioner was convicted of statutory rape in the Circuit Court of Hinds County,

Mississippi, following a guilty plea.  But according to him, the state court violated his right to a

speedy trial and prosecuted him under a void indictment and without jurisdiction.  Specifically,

Petitioner claims the crime did not occur in Hinds County, he was not arrested there, nor was he

present in the county during the time of the offenses.  Petitioner also maintains the guilty plea

was premised on an offer to serve twenty years, but the state court sentenced him to twenty-five.

On March 15, 2023, Petitioner filed the instant Petition for Writ of Mandamus,

challenging his conviction.  That same day, Petitioner filed a 28 U.S.C. § 2254 Petition for Writ

of Habeas Corpus and a 42 U.S.C. § 1983 Complaint, raising some of the same challenges to his

conviction.  *Liddell v. Hinds Cty. Cir. Ct.*, 3:23-CV-189 (S.D. Miss. Mar. 15, 2023) (habeas)

("*Liddell II*"); *Liddell v. Hinds Cty. Cir. Ct.*, 3:23-CV-191 (S.D. Miss. Mar. 15, 2023) (§ 1983)

("*Liddell III*").  The instant mandamus Petition further references Exhibits 2, 4, and 5 of the

habeas Petition in *Liddell II*.  Pet. [1] at 1.  In it he seeks "to be released and compensated [and]

to leave the State of Mississippi." *Id.* at 5.  Although Petitioner does not name a Respondent, the

only actor he points to is the Hinds County Circuit Court.  Petitioner thus asks for an order

directing the state court to release him and compensate him.

II.    Discussion

A.    Release

First, Petitioner seeks an order directing the state court to release him from confinement.

The federal mandamus statute provides, "The district courts shall have original jurisdiction of

any action in the nature of mandamus to compel an officer or employee of the United States or

any agency thereof to perform any duty owed to the plaintiff."  28 U.S.C. § 1361.  This Court

"lacks the general power to issue writs of mandamus to direct state courts and their judicial

officers in the performance of their duties where mandamus is the only relief sought." *Moye v.*

*Clerk, Dekalb Cty. Super. Ct.*, 474 F.2d 1275, 1275–76 (5th Cir. 1973).

Of course, a "court may liberally construe a pro se petitioner's pleadings and treat it as a

habeas corpus petition, where appropriate." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998).

Since Petitioner seeks release from his conviction and sentence, he is requesting habeas relief.

*Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  Indeed, the Fifth Circuit Court of Appeals

affirmed a district court's decision to treat a mandamus action as a habeas petition where the

"challenge directly implicate[d] the duration of [the petitioner's] confinement." *Davis*, 150 F.3d

at 487–88.  Therefore, to the extent Petitioner seeks release from confinement, this action is

construed as a habeas Petition, pursuant to § 2254.

This is not the first time, however, that Petitioner has sought habeas relief from his statutory-rape conviction. As mentioned previously, Petitioner simultaneously filed such action in *Liddell II*. Before that, Petitioner had already filed his first Petition for Writ of Habeas Corpus in this Court, challenging this same conviction on March 3, 2023, in *Liddell v. Hinds County Circuit Court*. 3:23-CV-164 (S.D. Miss. Mar. 3, 2023) ("*Liddell I*"). Both habeas petitions are still pending before the Court.

A civil action, including a habeas action, may be dismissed if it duplicates another action pending in the same court. *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985); *see Norwood v. United States*, 235 F. App'x 231, 231 (5th Cir. 2007) (citing *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993)). Because the instant Petition concerns the same conviction as in *Liddell I* and *Liddell II*, it is duplicative and will be dismissed without prejudice.

B. Damages

This leaves Petitioner's claim for compensatory damages. To the extent he seeks damages, the claims may be cognizable as a civil-rights action. *Orellana*, 65 F.3d at 31. The Court therefore severs that claim from the habeas claim and instructs the Clerk of Court to open a second matter.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**IT IS FURTHER ORDERED** that the Clerk of Court shall open a new civil action in the Northern Division of this Court under 42 U.S.C. § 1983, with Liddell's Petition [1] serving as the initiating Complaint and with a copy of Liddell's Motion [3] serving as a Motion for Leave to Proceed In Forma Pauperis in the new § 1983 civil action. The new § 1983 civil action shall

3

retain the same District Judge and Magistrate Judge assignments as this Petition for Writ of Mandamus.

      **SO ORDERED AND ADJUDGED** this the 12th day of June, 2023.

s/ <i>Daniel P. Jordan III</i><br>
CHIEF UNITED STATES DISTRICT JUDGE